U.S. DISTRICT COURT
ESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 5 2007

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 96-CR-20003-01 |
| VS. | : | JUDGE TRIMBLE |
| BENJAMIN LUTCHER, JR. | : | MAGISTRATE JUDGE WILSON |

### ORDER

Before the Court is a "Motion for Downward Departure/Request for Evidentiary Hearing Pursuant to 18 U.S.C. 3553(e) and U.S.S.G. 5K1.1, kK2.0 or Rule 35" (doc. #32) wherein the Petitioner, Benjamin Lutcher, Jr. seeks a review of the government's refusal to file a motion for a downward departure of Petitioner's sentence. In the alternative, Petitioner requests an evidentiary hearing. The government has responded to Petitioner's motion. For the following reasons, the motion will be denied.

Petitioner avers that on or about September 26, 2003, while incarcerated at the Federal Correctional Complex in Texarkana, Texas, Petitioner provided certain information regarding the 1991 murder of Robert Orphey, Jr. to Major David Wagoner with the Calcasieu Parish Sheriff's Cold Case Homicide Division, and Captain Ronald Lewis, the Commander of the Cold Case Homicide Unit. Petitioner then asserts that the information he provided substantially assisted the State with the securing of an arrest warrant and indictment of Johnny Clophus, Jr. Mr. Clophus pled guilty to the charge of manslaughter for the death of Mr. Orphey in November 2005 and was sentenced for the offense in March 2006. Petitioner attaches as an exhibit a letter dated May 3, 2006, wherein

Captain Lewis informs the Assistant United States Attorney of Petitioner's assistance.  The letter further states that "[t]he information given by this individual: Benjamin Lutcher, greatly assisted with the successful conclusion of this matter and it is our hope and request that some consideration be given towards his sentence."[1]

Federal Rule of Criminal Procedure 35(b) provides that only the government can move for a reduction or downward departure of a sentence. Generally, the government's refusal to file a motion for downward departure is non-reviewable.[2]  The government's decision not to file a Rule 35(b) motion is not reviewable unless that refusal is based on an unconstitutional motive or if the government has bargained away its discretion.[3]

Petitioner makes several allegations as to why the Government refused to file the downward departure motion.  First, he alleges that the Government alleged that "Petitioner's statement is similar to another individual who assisted the state of Louisiana in its prosecution of murderer Mr. Johnny Clophus, Jr."[4]  Petitioner then argues that this unconstitutional motive meets no legitimate government interest in future cases of incarcerated inmates who may desire to assist the State and/or Government in future prosecutions of crimes, particularly a cold case murder.

Petitioner further alleges that another unconstitutional motive is Petitioner's poverty and inability to retain counsel.  Finally, in his reply brief Petitioner alleges that "if the government does

---

[1]  Petitioner's exhibit A.

[2]  *Wade v. United States,* 112 S.Ct. 1840, 1843-1844 (1992).

[3]  *United States v. Astley Anthony Grant,*  – F.3d–, No. 06-40915, 2007 WL 1991045 (5th Cir. 2007); *United States v. Price,* 95 F.3d 364, 367 (5th Cir. 1996).

[4]  Petitioner's motion, p. 5.

2

not even consider a downward departure in his or similar cases. . ., "then the government itself is inadvertently fostering an environment conducive to the 'stop snitching' epidemic that is destroying these communities."[5]

> A prosecutor's discretion . . . is subject to constitutional limitations that district courts can enforce. Thus, a defendant would be entitled to relief if the prosecution refused to file a motion for a suspect reason such as the defendant's race or religion. However, neither a claim that a defendant merely provided generalized allegations of improper motive will entitle a defendant to a remedy or even to discovery or an evidentiary hearing. A defendant has a right to the latter procedures only if he makes a substantial threshold showing of improper motive.[6]

Petitioner has failed to make a substantial threshold showing or improper motive. Petitioner's allegations of another individual assisting in the cold case murder, his poverty, fostering an environment conducive to the "stop snitching" epidemic do not establish an unconstitutional motive. Furthermore, Petitioner has already received two downward departures pursuant to the Government's motion. On October 30, 1997, the Government filed a motion for departure in recognition of the defendant's substantial assistance.[7] On January 30, 1998, the defendant was sentenced to 250 months imprisonment as to Count One of the bill of information.[8] On June 25, 2001, the Government filed a motion to modify sentence under Federal Rule of Criminal Procedure 35 for Defendant's continued cooperation with both state and federal agents in the investigation and prosecution of criminal activity not charged in the indictment. After a hearing on the motion,

---

[5] Petitioner's reply, p. 3.

[6] *Wade,* 112 S.Ct. at 1841.

[7] Doc. #18.

[8] Doc. #24.

Defendant's sentence was changed from 250 months imprisonment to 200 months imprisonment.[9] In the absence of a Rule 35 motion on the part of the Government, the Court feels powerless to give relief.  It is apparent that it is largely due to Petitioner's assistance that a murderer is behind bars; if we had the power to do it, we would be strongly inclined to grant a downward departure to reward Petitioner for his assistance.  However, Petitioner's generalized allegations of unconstitutional motive fails to show that the Government refused to file a motion for suspect reasons. Accordingly, it is

ORDERED that the motion filed by Petitioner, Benjamin Lutcher, (doc. #32) is hereby DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of September, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[9] Doc. #31.

4